# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **KUMAR NARESH**, | 2:19-CV-12815-TGB |
| Plaintiff, | |
| vs. | **ORDER DISMISSING COMPLAINT** |
| **UNITED STATES DEPARTMENT OF HOMELAND SECURITY AND IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY**, | |
| Defendants. | |

Naresh Kumar,[1] a citizen of India, is being held in immigration detention at the Chippewa County Jail in Sault Ste. Marie, Michigan. He has been detained since August 22, 2018 and recently ordered removed from the United States. Kumar's complaint concerns the conditions of his confinement. Kumar seeks monetary damages.

The two defendants, United States Department of Homeland Security (DHS) and Immigration and Custom Enforcement Agency

---

[1] The case caption refers to Plaintiff as "Kumar Naresh" but the complaint's attached supporting documents (including Plaintiff's passport) indicate that his name is "Naresh Kumar." The Court, therefore, refers to Plaintiff as Naresh Kumar. Because the complaint will be dismissed, the Court will not amend the case caption.

(ICE), enjoy sovereign immunity for constitutional violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The complaint will therefore be dismissed.

## BACKGROUND

Kumar is a citizen of India. He came to the United States in 2011 as a non-immigrant, B-1 Visitor for Business. *See* ECF No. 1, PageID.24. He was authorized to remain in the United States until January 20, 2012. *Id.* He remained well past that date and, in 2018, the United States Citizenship and Immigration Services ("USCIS") initiated removal proceedings. Kumar was taken into custody by ICE in August 2018. Kumar remains in the custody of ICE awaiting a decision by the Board of Immigration Appeals on his appeal from a final order of removal. Kumar was originally detained at the Calhoun County Jail and, in May 2019, transferred to the Chippewa County Jail in Sault Ste. Marie.

Kumar states that, while incarcerated at the Calhoun County Jail, he was kept in high security and shackled. *Id.* PageID.6-7. He alleges this security classification was based upon erroneous information provided to the Sheriff's Department by ICE officials. *Id.* Kumar alleges that the security classification caused him to suffer "great harm and humiliation and mental torture." *Id.* at PageID.6. He was transferred to the Chippewa County Jail in May 2019. Kumar alleges the deplorable conditions at the Chippewa County Jail, including a cell with a cement

floor and no mat or blanket, no heat, and the presence of dangerous inmates humiliate him and cause great distress and mental anguish. *Id.* Finally, Kumar alleges that he suffers several mental problems because of these conditions.

Kumar seeks monetary relief of $500,000.

## STANDARD OF REVIEW

The Court granted Kumar leave to proceed *in forma pauperis.* Federal district courts are required under 28 U.S.C. §§ 1915(e)(2)(B) to screen and dismiss before service any *in forma pauperis* action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even construing the complaint liberally, Kumar fails to state a claim upon which relief may be granted.

## DISCUSSION

Kumar names two defendants: Immigration and Customs Enforcement (ICE) and the Department of Homeland Security (DHS). Where a person alleges that a "federal" actor has violated his or her federal constitutional rights, the claim arises under the doctrine set forth in *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971). *Bivens* "established that the victims of a constitutional

violation by an individual federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). *Bivens*, however, does not waive the sovereign immunity enjoyed by the United States and its agencies. *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011) (*Bivens* claims may be asserted against federal officials only in their individual capacities). A *Bivens* action may not be brought against agencies of the United States because "'the purpose of *Bivens* is to deter *the officer,*' not the agency." *Corr. Services Corp v. Malesko*, 534 U.S. 61, 69-70, 72 (2001) (quoting *FDIC v. Meyer*, 510 U.S. 471, 485 (1994)) (emphasis in original). If a *Bivens* action was allowed against federal agencies, the "deterrent effects of the *Bivens* remedy would be lost." *Meyer*, 510 U.S. at 485.

Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities. *Reed v. Reno*, 146 F.3d 392, 397-98 (6th Cir. 1998). The United States has not waived sovereign immunity for itself or its agencies for a *Bivens* action. *See Meyer*, 510 U.S. at 484–86. Defendants ICE and DHS are both agencies of the United States and, as such, enjoy sovereign immunity against *Bivens* suits. Therefore, this Court lacks subject-matter jurisdiction over these claims and the

complaint will be dismissed with prejudice.[2]

## ORDER

For the foregoing reasons,

(1) The complaint is **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**.

(2) **IT IS CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

**IT IS SO ORDERED.**

DATED: January 10, 2020.

BY THE COURT:


/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

---

[2] While this case may not proceed against the named defendants or as a challenge to the length of Plaintiff's confinement, the dismissal is without prejudice to Plaintiff's right to file a complaint concerning the conditions of his confinement against individual federal actors under *Bivens* or against individual state actors under 42 U.S.C. § 1983.